UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL JEROME MULLINS, | ) | 1:07-cv-01162-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO GRANT RESPONDENT'S MOTION TO |
| v. | ) | DISMISS PETITION AS SUCCESSIVE |
| | ) | (Doc. 9) |
| | ) | |
| WARDEN ROBERT HOREL, | ) | ORDER DIRECTING THAT ANY |
| | ) | OBJECTIONS BE FILED WITHIN |
| Respondent. | ) | FIFTEEN DAYS |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on August 10, 2007. (Doc. 1).

On February 28, 2008, Respondent filed a motion to dismiss the petition on the grounds that it was successive and untimely. (Doc. 9). Petitioner did not file any opposition. After further review, the Court agrees with Respondent that the petition must be dismissed.

**DISCUSSION**

In the petition filed on August 10, 2007, Petitioner challenges his 1998 conviction in Tuolomne County Superior Court of arson and battery, as well as his sentence of 22 years. (Doc. 1). Review of the Court's docket and the files in two habeas corpus proceedings previously filed by Petitioner, (1:01-cv-5360-OWW-DLB ("01-5360") and 1:04-cv-5518-LJO ("04-5518")), shows that in both cases Petitioner challenged his 1998 convictions for arson and battery. The first case, 01-5360 was dismissed on Petitioner's own motion on December 17, 2001. However, the second case, 04-5518, was dismissed after the Court granted Respondent's motion to dismiss the petition as

untimely under the one-year limitation period provided by federal habeas law. The Court found that the one-year limitation period had expired almost a year before Petitioner filed his petition in that case on May 29, 2003. The Court entered judgment dismissing the petition on January 20, 2005. Petitioner appealed the District Court's ruling to the United States Court of Appeals for the Ninth Circuit, which denied issuance of a certificate of appealability and dismissed the appeal on July 22, 2005.

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997)(en banc), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition was filed on August 10, 2007, and thus is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

1    Here, the Court concludes that the instant petition is untimely under the AEDPA and also
2  because the issue is foreclosed under the doctrine of abuse of the writ.
3    The United States Supreme Court has confirmed that a first habeas petition is not res judicata
4  to subsequent petitions. McCleskey v. Zant, 499 U.S. 467, 479, 111 S.Ct. 1454 (1991). Rather,
5  federal courts have created a doctrine known as "abuse of the writ" that serves as a substitute for res
6  judicata by limiting the availability of successive habeas petitions when a prior one has been denied.
7  Id. at 480-88, 111 S.Ct. 1454.  Abuse of the writ is a substitute for res judicata, and res judicata,
8  strictly speaking, does not attach to the denial of a first habeas petition. Id. at 479-88, 111 S.Ct.
9  1454.  Generally, the abuse of the writ doctrine forbids the reconsideration of claims that were or
10 could have been raised in a prior habeas petition.  McCleskey, 499 U.S. at 489.  Abuse of the writ
11 evolved as a judicially created equitable doctrine, but it is now codified by the AEDPA.  Felker v.
12 Turpin, 518 U.S. 651, 663-665, 116 S.Ct. 2333 (1996); 28 U.S.C. § 2244(b).
13    In Petitioner's case, the issue of the timeliness of his second petition was fully litigated and
14 decided against him.  The Court concluded that the 2003 petition was untimely by almost a year.
15 Because the issue was fully addressed in a previous habeas petition, the abuse of the writ doctrine
16 forecloses any other result in this successive petition.
17    Moreover, the Court has examined the Court's decision in the 2003 petition and agrees
18 entirely with the Court's analysis and finding that the previous petition was untimely by almost a
19 year.  That being the case, the passage of another *three years* from the termination of the second
20 petition until the filing of the instant petition does not provide Petitioner relief from the timeliness
21 bar.  The 2003 petition was untimely when filed in 2003; thus, ipso facto, the 2007 petition is
22 likewise untimely.
23    B.  Successive Petitions
24    A federal court must dismiss a second or successive petition that raises the same grounds as a
25 prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition
26 raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,
27 constitutional right or 2) the factual basis of the claim was not previously discoverable through due
28 diligence, and these new facts establish by clear and convincing evidence that but for the

constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the District Court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the United States Court of Appeals for the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. at 656-657.  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a District Court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Moreover, the Ninth Circuit has held that the denial of a federal petition as procedurally defaulted is deemed a ruling on the merits and any subsequent petition raising the same issues is deemed a "second or successive" petition pursuant to 28 U.S.C. § 2244(b).  Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005); see Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005).  The Ninth Circuit held that the dismissal of prior petition based on doctrine of procedural default renders a subsequent petition "second or successive" within the meaning of 28 U.S.C. § 2244(b)(3) because the petitioner "has no further opportunity to obtain a disposition on the merits of his or her claims in the state courts" and the "interest underlying the dismissal of the first petition, i.e. federal-state comity, is still present." Henderson, at 1053. The rationale of Henderson applies with equal force to a dismissal on statute of limitations grounds; a determination that a federal habeas corpus challenge to a state conviction is time-barred precludes further review of the conviction, and when a second petition is filed, "the interest underlying the dismissal of the first petition ... is still present."

As Respondent correctly points out in the motion to dismiss, Petitioner has made no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application

for relief from that conviction under § 2254 and must dismiss the petition. See Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997); Nunez, 96 F.3d at 991. Petitioner apparently is of the belief that he may refile his petition in the District Court after his first petition has been denied by the District Court. This is incorrect. If Petitioner wishes to raise successive challenges to his 1998 conviction in this Court, he must first file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. 9), should be GRANTED and the petition DISMISSED as successive and as untimely.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be filed and served within ten (10) court days (plus three if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 7, 2008**                             /s/ Theresa A. Goldner
                                                   UNITED STATES MAGISTRATE JUDGE